UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **BOBBY WILLIAMS** | * | **CIVIL ACTION NO. 13-2328** |
| **VERSUS** | * | **MAG. JUDGE KAREN L. HAYES** |
| **CITY OF MONROE, MONROE TRANSIT, ET AL.** | * | |

### MEMORANDUM ORDER

Before the court is a motion for reconsideration [doc. # 33] filed by plaintiff pro se Bobby Williams. For reasons assigned below, the motion is DENIED.[1]

### Background

On January 29, 2015, the court granted summary judgment in favor of all defendants and dismissed plaintiff's claims in their entirety, at his cost. (Jan. 29, 2015, Mem. Ruling and Judgment [doc. #s 31 & 32]). On February 26, 2015, plaintiff filed the instant motion for reconsideration. The matter is ripe.

### Law

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at *1 (S.D. Miss. May 31, 2005); *Dixon v. 24th Jud. Dist. Ct.*, 2013 WL 4517932, at *1 (E.D. La. Aug. 23, 2013). Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303

---

[1] With the consent of all parties, the District Court referred the above-captioned case to the undersigned magistrate judge for the conduct of all further proceedings and the entry of judgment. 28 U.S.C. § 636(c).

F.3d 571, 581 (5th Cir. 2002). It "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). **A motion to alter or amend judgment is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment**. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). In ruling on this type of motion, the court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

## Analysis

From what the court may discern, plaintiff's single-page submission merely rehashes his prior allegations against defendants, and adds a new allegation that Jamie Mayo threatened to rape one of his witnesses. This new *allegation*, however, does not constitute *evidence* that the court may consider in connection with defendants' motion for summary judgment. *See* Fed.R.Civ.P. 56(c)(1)(A); *Moore v. True Temper Sports, Inc.*, 523 F. App'x 280 (5th Cir. 2013) (citation omitted). Moreover, plaintiff neither explained nor established why he was unable to present this "evidence" in an earlier, timely fashion. In short, plaintiff has not demonstrated a cognizable basis for this court to revisit its ruling and judgment. Accordingly,

IT IS ORDERED that plaintiff's motion for reconsideration [doc. # 33] is hereby DENIED.

In Chambers, at Monroe, Louisiana, this 26th day of February 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE